**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 5 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PEGGY A. GALLO-LOEKS,

       Plaintiff - Appellant,

v.

U S WEST COMMUNICATIONS,
INC.,

       Defendant - Appellee.

No. 02-1167
D.C. No. 00-WM-1863
(D. Colorado)

**ORDER AND JUDGMENT** *

Before **EBEL** , **BALDOCK** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Peggy A. Gallo-Loeks appeals the district court's summary judgment in favor of her employer, U S West, on her claims that U S West engaged in reverse discrimination in violation of Title VII, 42 U.S.C. §§ 2000e to 2000e-17, and the Colorado Anti-Discrimination Act, Colo. Rev. Stat. § 24-34-402. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## Background

Ms. Gallo-Loeks, who is white, was disciplined after she submitted a request for tuition reimbursement from an educational provider that was not eligible for tuition reimbursement. When she was informed that the provider was ineligible, Ms. Gallo-Loeks submitted additional documentation and received reimbursement. Following an investigation that included her explanation for the confusion over the billing, Ms. Gallo-Loeks was required to repay the tuition money, she was placed on warning of dismissal for one year, and an entry was placed permanently in her employment file.

During the approximate time period that Ms. Gallo-Loeks was investigated and reprimanded, another employee was the subject of an investigation into her use of a company credit card. The other employee, Ms. Christian, is an African-American. Ms. Christian used the credit card to charge two days' personal use of a rental car, which was a change from the original authorization for a rental car. Although she had obtained a supervisor's prior permission for

the car expense, it was determined that she had used bad judgment by not reconfirming her travel plans. She received a warning and was required to reimburse her employer for the two days' rental car charge.

Based on these circumstances, Ms. Gallo-Loeks claimed that U S West treated her less favorably than Ms. Christian, in violation of Title VII and Colorado state law. She asserted that she was reprimanded more severely than Ms. Christian because she is white.

The district court first considered whether Ms. Gallo-Loeks established a prima facie case under the familiar McDonnell Douglas burden-shifting scheme, whereby the plaintiff must first establish a prima facie case of discrimination, after which the employer must present a nondiscriminatory reason for the challenged workplace action. Notari v. Denver Water Dep't, 971 F.2d 585, 588 (10th Cir. 1992) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)). If those conditions are met, the plaintiff then has an opportunity to show that the proffered reason was a pretext for discrimination. Id.

In evaluating Ms. Gallo-Loeks' prima facie showing, the district court applied the Notari standard. Under Notari, for a reverse discrimination claimant to establish a prima facie case of discrimination under the McDonnell Douglas paradigm, she must "establish background circumstances that support an inference that the defendant is one of those unusual employers who discriminates against

the majority." Id. at 589. After finding that Ms. Gallo-Loeks had not made the requisite allegations of background circumstances, the district court evaluated whether she had produced direct evidence of discrimination or indirect evidence that made it reasonably probable that she would have been treated more favorably but for her status as a white person. Appellant's App. at 247 (citing Notari, 971 F.2d at 590). The district court determined that Ms. Gallo-Loeks had not offered any direct evidence of discrimination. Id. at 249 & n.4. Therefore, the district court examined the indirect evidence of discrimination and concluded that Ms. Gallo-Loeks had "not produced evidence 'to support specific facts that are sufficient to support a reasonable inference that but for plaintiff's status the challenged decision would not have occurred.'" Id. at 252 (quoting Notari, 971 F.2d at 590). Accordingly, the district court granted summary judgment in U S West's favor on the Title VII claims. Because Ms. Gallo-Loeks did not argue that a different standard or analysis applied to the state-law claims, the district court granted summary judgment in U S West's favor on those claims, as well.

Ms. Gallo-Loeks appeals, arguing that this court should abandon the Notari requirements for a prima facie case in a reverse discrimination claim. She also challenges the district court's conclusion that her indirect evidence of discrimination was insufficient to resist summary judgment. She does not claim that she had direct evidence of discrimination.

-4-

## Analysis

We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c).

We decline Ms. Gallo-Loeks' invitation to abandon Notari, because one panel of this court cannot overrule the judgment of another, "absent en banc reconsideration or a superseding contrary decision by the Supreme Court." Barber v. T.D. Williamson, Inc., 254 F.3d 1223, 1229 (10th Cir. 2001) (further quotation omitted).

We have carefully reviewed the record on appeal, as well as the briefs submitted by the parties. Applying the standards set out above, we affirm the judgment for the reasons stated in the district court's March 22, 2002 order on motion for summary judgment.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge